# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-11-4430 |
| DOES 1–37, | § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court are three motions: Defendant John Doe No. 31's Motion to Quash Subpoena and Motion to Dismiss for Improper Joinder (Document No. 6); Defendant John Doe No. 4's Motion to Quash or Modify Subpoena (Document No. 7); and Defendant John Doe No. 5's Motion to Quash or Modify Subpoena (Document No. 8). Having considered the motions, submissions, and applicable law, the Court determines the motions to quash should be denied because this Court did not issue the challenged subpoenas. *See First Time Videos, LLC v. Does 1–114*, Civil Action No. H-11-3041, 2012 WL 676348, at *1 (S.D. Tex. Jan 18, 2012) (Stacy, Mag. J.) (denying motion to quash subpoena and relying on FED. R. CIV. P. 45(c)(3)(A), which states that the "issuing court" may quash or modify a subpoena). The Court further determines that the motion to dismiss for improper joinder should be denied because severance, not dismissal, is the proper remedy for

misjoinder, and an inquiry on severance at this stage in the litigation is premature as the putative Doe defendants have not yet been identified or joined as parties to this suit. *See Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, . . . the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct."); *see also* FED. R. CIV. P. 20 (outlining requirements for permissive joinder of parties and providing protection measures in the event of misjoinder); FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Accordingly, the Court hereby

**ORDERS** that Defendant John Doe No. 31's Motion to Quash Subpoena and Motion to Dismiss for Improper Joinder (Document No. 6); Defendant John Doe No. 4's Motion to Quash or Modify Subpoena (Document No. 7); and Defendant John Doe No. 5's Motion to Quash or Modify Subpoena (Document No. 8) are all **DENIED WITHOUT PREJUDICE**. If and when the putative Doe defendants are identified and served with the Complaint, the issue of misjoinder may again be raised, in addition to the issue of personal jurisdiction, based upon the facts and circumstances of the actual parties involved at that point. Only then will the Court

have before it the information required to render appropriate rulings. The Court further

**ORDERS** that, based on the potential for reputational harm or social stigma that may be associated with Plaintiff's alleged copyrighted material, each of the putative Doe defendants shall be entitled to remain anonymous in this litigation until such time as the Court has ruled on the issues of joinder and personal jurisdiction.

SIGNED at Houston, Texas, on this __27__ day of March, 2012.

DAVID HITTNER<br>
United States District Judge