# EXHIBIT D



Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202-973-4200 Main Telephone
202-973-4499 Main Fax
johnseiver@dwt.com

March 21, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*pduffy@pduffygroup.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

      Re:  *Hard Drive Productions, Inc. v. Does 1-54*
           Case No. 1:12-cv-01532 (N.D. Ill.)
           Subpoena to Comcast (N.D. Ill.)

Dear Mr. Duffy:

      As you know, I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on March 13, 2012, in the above-referenced action. Your Subpoena requests that, by April 20, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. The Federal Rules allow for non-parties such as Comcast to object within 14 days of service of a subpoena. Fed. R. Civ. P. 45(c)(2)(B). For the reasons we set forth below, Comcast objects to your Subpoena and no documents will be produced unless and until a specific and valid court order is entered.

      As you know, Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice. Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections. You have in the past offered to reimburse Comcast for its reasonable expenses. Federal Rule 45 provides that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

www.dwt.com

Paul Duffy
March 21, 2012
Page 2

subsidize an unreasonable share of costs of a litigation to which they are not a party."[1]  In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[2]  Resolving each IP address is time consuming initially and for quality control, notice and response.  We will need to agree on a schedule for reimbursement if we proceed.

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law.  Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c).  That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent.  Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions. 47 U.S.C. § 551(c)(2)(C).

The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[3]  Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable

---

[1] *United States v. Columbia Broadcasting Sys. Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied*, 457 U.S. 1118.

[2] *See Linder v. Adolfo Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation*, 1994 WL 750664 at *6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez*, 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 1996 U.S. Dist. LEXIS 2264, * 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.*, 1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory*, 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

[3] Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech,* 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously ***before it is too late***") (emphasis added).

Paul Duffy
March 21, 2012
Page 3

reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in the Subpoena in question for 90 days.*

Comcast also objects to your subpoena on the ground that the rules for joinder of the Doe Defendants may not be appropriate in the underlying action in light of the many recent cases, including in the Northern District of Illinois, that have expressly prohibited discovery and quashed subpoenas similar to yours. *See, e.g., Millennium TGA, Inc. v. Does 1-100*, No. 1:10-cv-05603 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* severing all but one Doe defendant, finding that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder") (quoting *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-297, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)); *Lightspeed Media Corp. v. Does 1-100*, No. 10 C 5604 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* concluding that the putative defendants were improperly joined) (Manning, J.).[4] Certainly, you must be aware of the *Millennium, Lightspeed, Hard Drive, Boy Racer, Pacific Century* and *McGip* cases, given that your firm (or the firm that merged with your firm) represented the plaintiff in each of these cases. As you know, these cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473, at *7 (N.D. Cal. Aug. 23, 2011). We note that the Court's March 7, 2012 Minute Entry [Dkt. No. 5] in the docket for this matter (which, of course, you did not provide to Comcast with the Subpoena) expressly states that "this order should not be interpreted as concluding that personal jurisdiction over any of the defendants is proper, nor that joinder is proper."

---

[4] *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer Inc. v. Does 2-52*, Case No. 11-2834 (N.D. Cal.), Docket 12 (finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); *Diabolic Video Prods.*, 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20"); *Pacific Century International*, 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotes and cite omitted); *Millennium TGA*, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement."); *Hard Drive Prods. v. Does* U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe*, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

Paul Duffy
March 21, 2012
Page 4

      Additionally, like the court found in the other *Hard Drive* action in the Northern District of California, because the exhibit attached to the Complaint reflects that the activity of the different IP addresses occurred on different days and times over a ***nearly fifteen-week period***,[5] your argument that the Doe Defendants acted in concert is unpersuasive. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14. Accordingly, the Court would likely agree with the ruling in the other *Hard Drive* case that joinder would be inconsistent with Rule 20(a)(2), cause prejudice and unfairness, and would not be in the interest of justice. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

      If and when you obtain an order that complies with the Communications Act and the law with respect to joinder, and serve a valid subpoena, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses. Moreover, as you know, Chief Judge Holderman is considering motions to compel in five of your other cases where you subpoenaed Comcast. We will wait for his ruling there to determine whether we will maintain, modify, or withdraw our objection here.

      If you would like to discuss this, please let me know.

Very truly yours,

*/s/ John D. Seiver/intrn*

John D. Seiver

cc:    Comcast Communications

---

[5] In the *Hard Drive* case, it was a two-week period. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.