# EXHIBIT E



Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC  20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

April 26, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*pduffy@pduffygroup.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

    Re:  ***Sunlust Pictures, LLC v. Does 1-120***
        **Case No. 1:12-cv-20920-PAS (S.D. Fla.)**
        **Subpoena to Comcast (N.D. Ill.)**

Dear Mr. Duffy:

  As you know, I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on March 14, 2012, in the above-referenced action. Your Subpoena requests that, by April 23, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. The Federal Rules allow for non-parties such as Comcast to object within 14 days of service of a subpoena. Fed. R. Civ. P. 45(c)(2)(B). Although more than 14 days have passed since service of the Subpoena, due to an oversight the objection letter was prepared but not sent. I apologize for any inconvenience, but the issues with respect to this Subpoena are identical to those that were decided against you in the recent motions to compel you filed against Comcast and Cequel in a number of similar cases. As I explain below, we believe the court's resolution of those motions is controlling. Accordingly, no documents will be produced unless and until a specific and valid court order is entered enforcing your Subpoena.

  As you know, five cases were consolidated before Judge Holderman and the Court issued a ruling denying your motions against Comcast and Cequel. *Pacific Century International v.*

Anchorage
Bellevue
Los Angeles
100% ⊕

New York
Portland
San Francisco

Seattle
Shanghai
Washington, D.C.

www.dwt.com

Paul Duffy
April 26, 2012
Page 2

*John Does 1-37*, 2012 WL 1072312 (N.D. Ill. March 30, 2012).[1]   In that consolidated proceeding, based on identical circumstances and allegations with respect the Subpoena here, Chief Judge Holderman denied your motions to compel discovery of party and non-party IP addresses because, among other things, your conspiracy charges lacked evidence of an agreement among the purported co-conspirators, joinder would be improper, and personal jurisdiction was lacking over most of the subscribers associated with the IP addresses.  Pursuant to the court's conclusive ruling in *Pacific Century*, we deem your Subpoena in this matter subject to that Order and thus unenforceable.  If you do file a motion to compel, we will ask the case to be transferred to Chief Judge Holderman, who indicated he would accept such transfers after any motion is filed.  *Pacific Century*, 2012 WL 1072312, at *7.  I fully expect Judge Holderman would reach the same conclusion and refuse to enforce the Subpoena to Comcast here.  However, in light of your recent motion to alter or amend the court's judgment in the consolidated *Pacific Century* proceeding, we are now setting out our objections below and should Judge Holderman change his ruling in a way that is significant for the Subpoena here, we will abide by it.

As you know, Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice.  Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections.  You have in the past offered to reimburse Comcast for its reasonable expenses.  Federal Rule 45 provides that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded."  Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of costs of a litigation to which they are not a party."[2]  In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[3]  Resolving each IP address is time consuming initially and for quality control, notice and response.  We will need to agree on a schedule for reimbursement if we proceed.

---

[1]  The one subpoena that the Court did enforce against Cequel was in a different case and involved only one IP address.  *Pacific Century*, 2012 WL 1072312, at *14 (granting motion to compel in Case 12 C 1057).

[2]  *United States v. Columbia Broadcasting Sys. Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied*, 457 U.S. 1118.

[3]  *See Linder v. Adolfo Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation,* 1994 WL 750664 at *6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez*, 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 1996 U.S. Dist. LEXIS 2264, * 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.*, 1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory*, 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

Paul Duffy
April 26, 2012
Page 3

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law. Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c). That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent. Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions. 47 U.S.C. § 551(c)(2)(C).

The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[4] Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in the Subpoena in question for 90 days.*

Comcast also objects to your subpoena on the ground that the rules for joinder of the Doe Defendants may not be appropriate in the underlying action in light of the many recent cases that have expressly prohibited discovery and quashed subpoenas similar to yours. *See, e.g., Millennium TGA, Inc. v. Does 1-100*, No. 1:10-cv-05603 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* severing all but one Doe defendant, finding that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder") (quoting *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-297, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)); *Lightspeed Media Corp. v. Does 1-100*, No. 10 C 5604 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* concluding that the putative defendants were improperly joined) (Manning, J.).[5]

---

[4]   Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech,* 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

[5] *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer Inc. v. Does 2-52*, Case No.

Paul Duffy
April 26, 2012
Page 4

Certainly, you must be aware of the *Millennium, Lightspeed, Hard Drive, Boy Racer, Pacific Century* and *McGip* cases, given that your firm (or the firm that merged with your firm) represented the plaintiff in each of these cases. As you know, these cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473, at *7 (N.D. Cal. Aug. 23, 2011).

Additionally, like the court found in the other *Hard Drive* action in the Northern District of California, because the exhibit attached to the Complaint reflects that the activity of the different IP addresses occurred on different days and times over a *four-week period*,[6] your argument that the Doe Defendants acted in concert is unpersuasive. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14. Accordingly, the Court would likely agree with the ruling in the other *Hard Drive* case that joinder would be inconsistent with Rule 20(a)(2), cause prejudice and unfairness, and would not be in the interest of justice. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

Moreover, Comcast is puzzled why you issued the Subpoena out of the Northern District of Illinois, when none of the IP addresses listed in the subpoena are for individuals within the jurisdiction of the Northern District of Illinois.[7] Indeed, all of the IP addresses listed are for subscribers located in Florida or Alabama. Given that the underlying action is pending in the Southern District of Florida, it is odd that you did not issue the Subpoena out of that jurisdiction. Indeed, as you know, you or your firm have issued at least three other Subpoenas on Comcast out of the Northern District of Illinois for actions not even pending in that jurisdiction. One can only surmise that this is just one of your latest tactics designed to forum shop and attempt to confuse Comcast and its subscribers. Comcast intends to raise this (among others) issue in response to any motion to compel that you may file with respect to the Subpoena.

---

11-2834 (N.D. Cal.), Docket 12 (finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); *Diabolic Video Prods.*, 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20"); *Pacific Century International*, 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotes and cite omitted); *Millennium TGA*, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement."); *Hard Drive Prods. v. Does* U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe*, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

[6] In the *Hard Drive* case, it was a two-week period. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

[7] We accessed http://ip-address-lookup-v4.com/ to make that determination.

Paul Duffy
April 26, 2012
Page 5

     If and when you obtain an order that complies with the Communications Act and the law with respect to joinder, and serve a valid subpoena, or Judge Holderman changes his prior ruling in a significant way, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses.

     If you would like to discuss this, please let me know.

Very truly yours,

John D. Seiver

cc:    Comcast Communications



**Davis Wright Tremaine LLP**

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC  20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

April 26, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*pduffy@pduffygroup.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

> Re: ***First Time Videos, LLC v. Does 1-76***
> **Case No. 1:12-cv-20921-JAL (S.D. Fla.)**
> **Subpoena to Comcast (N.D. Ill.)**

Dear Mr. Duffy:

As you know, I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on March 14, 2012, in the above-referenced action. Your Subpoena requests that, by April 23, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. The Federal Rules allow for non-parties such as Comcast to object within 14 days of service of a subpoena. Fed. R. Civ. P. 45(c)(2)(B). Although more than 14 days have passed since service of the Subpoena, due to an oversight the objection letter was prepared but not sent. I apologize for any inconvenience, but the issues with respect to this Subpoena are identical to those that were decided against you in the recent motions to compel you filed against Comcast and Cequel in a number of similar cases. As I explain below, we believe the court's resolution of those motions is controlling. Accordingly, no documents will be produced unless and until a specific and valid court order is entered enforcing your Subpoena.

As you know, five cases were consolidated before Judge Holderman and the Court issued a ruling denying your motions against Comcast and Cequel. *Pacific Century International v.*

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

100'th

www.dwt.com

Paul Duffy
April 26, 2012
Page 2

*John Does 1-37*, 2012 WL 1072312 (N.D. Ill. March 30, 2012).[1]  In that consolidated proceeding, based on identical circumstances and allegations with respect the Subpoena here, Chief Judge Holderman denied your motions to compel discovery of party and non-party IP addresses because, among other things, your conspiracy charges lacked evidence of an agreement among the purported co-conspirators, joinder would be improper, and personal jurisdiction was lacking over most of the subscribers associated with the IP addresses.  Pursuant to the court's conclusive ruling in *Pacific Century*, we deem your Subpoena in this matter subject to that Order and thus unenforceable.  If you do file a motion to compel, we will ask the case to be transferred to Chief Judge Holderman, who indicated he would accept such transfers after any motion is filed.  *Pacific Century*, 2012 WL 1072312, at \*7.  I fully expect Judge Holderman would reach the same conclusion and refuse to enforce the Subpoena to Comcast here. However, in light of your recent motion to alter or amend the court's judgment in the consolidated *Pacific Century* proceeding, we are now setting out our objections below and should Judge Holderman change his ruling in a way that is significant for the Subpoena here, we will abide by it.

As you know, Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice.  Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections.  You have in the past offered to reimburse Comcast for its reasonable expenses.  Federal Rule 45 provides that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded."  Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of costs of a litigation to which they are not a party."[2]  In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[3]  Resolving each IP address is time consuming initially and for quality control, notice and response.  We will need to agree on a schedule for reimbursement if we proceed.

---

[1]  The one subpoena that the Court did enforce against Cequel was in a different case and involved only one IP address. *Pacific Century*, 2012 WL 1072312, at \*14 (granting motion to compel in Case 12 C 1057).

[2]  *United States v. Columbia Broadcasting Sys. Inc.,* 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied,* 457 U.S. 1118.

[3]  *See Linder v. Adolfo Calero-Portocarrero,* 251 F.3d 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation,* 1994 WL 750664 at \*6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez,* 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.,* 1996 U.S. Dist. LEXIS 2264, \* 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.,* 1995 U.S. Dist. LEXIS 20549, \*24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory,* 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

Paul Duffy
April 26, 2012
Page 3

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law. Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c). That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent. Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions. 47 U.S.C. § 551(c)(2)(C).

The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[4] Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in the Subpoena in question for 90 days.*

Comcast also objects to your subpoena on the ground that the rules for joinder of the Doe Defendants may not be appropriate in the underlying action in light of the many recent cases that have expressly prohibited discovery and quashed subpoenas similar to yours. *See, e.g., Millennium TGA, Inc. v. Does 1-100*, No. 1:10-cv-05603 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* severing all but one Doe defendant, finding that "merely committing the same type of violation in the same ways does not link defendants together for purposes of joinder") (quoting *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-297, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)); *Lightspeed Media Corp. v. Does 1-100*, No. 10 C 5604 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* concluding that the putative defendants were improperly joined) (Manning, J.).[5]

---

[4] Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech*, 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

[5] *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer Inc. v. Does 2-52*, Case No.

Paul Duffy
April 26, 2012
Page 4

Certainly, you must be aware of the *Millennium, Lightspeed, Hard Drive, Boy Racer, Pacific Century* and *McGip* cases, given that your firm (or the firm that merged with your firm) represented the plaintiff in each of these cases. As you know, these cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473, at *7 (N.D. Cal. Aug. 23, 2011).

Additionally, like the court found in the other *Hard Drive* action in the Northern District of California, because the exhibit attached to the Complaint reflects that the activity of the different IP addresses occurred on different days and times over a *five-month period*,[6] your argument that the Doe Defendants acted in concert is unpersuasive. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14. Accordingly, the Court would likely agree with the ruling in the other *Hard Drive* case that joinder would be inconsistent with Rule 20(a)(2), cause prejudice and unfairness, and would not be in the interest of justice. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

Moreover, Comcast is puzzled why you issued the Subpoena out of the Northern District of Illinois, when none of the IP addresses listed in the subpoena are for individuals within the jurisdiction of the Northern District of Illinois.[7] Indeed, all of the IP addresses listed are for subscribers located in Florida or Georgia. Given that the underlying action is pending in the Southern District of Florida, it is odd that you did not issue the Subpoena out of that jurisdiction. Indeed, as you know, you or your firm have issued at least three other Subpoenas on Comcast out of the Northern District of Illinois for actions not even pending in that jurisdiction. One can only surmise that this is just one of your latest tactics designed to forum shop and attempt to confuse Comcast and its subscribers. Comcast intends to raise this (among others) issue in response to any motion to compel that you may file with respect to the Subpoena.

---

11-2834 (N.D. Cal.), Docket 12 (finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); Diabolic *Video Prods.,* 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20"); *Pacific Century International,* 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotes and cite omitted); *Millennium TGA,* 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement."); *Hard Drive Prods. v. Does* U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe,* 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

[6] In the *Hard Drive* case, it was a two-week period. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

[7] We accessed http://ip-address-lookup-v4.com/ to make that determination.

Paul Duffy
April 26, 2012
Page 5


If and when you obtain an order that complies with the Communications Act and the law with respect to joinder, and serve a valid subpoena, or Judge Holderman changes his prior ruling in a significant way, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses.

If you would like to discuss this, please let me know.

Very truly yours,



John D. Seiver

cc:     Comcast Communications



**Davis Wright Tremaine LLP**

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC  20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

April 26, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*pduffy@pduffygroup.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

> Re:  ***AF Holdings, LLC v. Does 1-31***
> **Case No. 1:12-cv-20922-UU (S.D. Fla.)**
> **Subpoena to Comcast (N.D. Ill.)**

Dear Mr. Duffy:

As you know, I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on March 14, 2012, in the above-referenced action. Your Subpoena requests that, by April 20, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. The Federal Rules allow for non-parties such as Comcast to object within 14 days of service of a subpoena.  Fed. R. Civ. P. 45(c)(2)(B). Although more than 14 days have passed since service of the Subpoena, due to an oversight the objection letter was prepared but not sent. I apologize for any inconvenience, but the issues with respect to this Subpoena are identical to those that were decided against you in the recent motions to compel you filed against Comcast and Cequel in a number of similar cases. As I explain below, we believe the court's resolution of those motions is controlling. Accordingly, no documents will be produced unless and until a specific and valid court order is entered enforcing your Subpoena.

As you know, five cases were consolidated before Judge Holderman and the Court issued a ruling denying your motions against Comcast and Cequel. *Pacific Century International v.*

Anchorage
Bellevue
Los Angeles

New York
Portland
San Francisco

Seattle
Shanghai
Washington, D.C.

www.dwt.com

Paul Duffy
April 26, 2012
Page 2

*John Does 1-37*, 2012 WL 1072312 (N.D. Ill. March 30, 2012).[1]  In that consolidated proceeding, based on identical circumstances and allegations with respect the Subpoena here, Chief Judge Holderman denied your motions to compel discovery of party and non-party IP addresses because, among other things, your conspiracy charges lacked evidence of an agreement among the purported co-conspirators, joinder would be improper, and personal jurisdiction was lacking over most of the subscribers associated with the IP addresses. Pursuant to the court's conclusive ruling in *Pacific Century*, we deem your Subpoena in this matter subject to that Order and thus unenforceable. If you do file a motion to compel, we will ask the case to be transferred to Chief Judge Holderman, who indicated he would accept such transfers after any motion is filed. *Pacific Century*, 2012 WL 1072312, at *7. I fully expect Judge Holderman would reach the same conclusion and refuse to enforce the Subpoena to Comcast here. However, in light of your recent motion to alter or amend the court's judgment in the consolidated *Pacific Century* proceeding, we are now setting out our objections below and should Judge Holderman change his ruling in a way that is significant for the Subpoena here, we will abide by it.

As you know, Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice. Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections. You have in the past offered to reimburse Comcast for its reasonable expenses. Federal Rule 45 provides that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of costs of a litigation to which they are not a party."[2] In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[3] Resolving each IP address is time consuming initially and for quality control, notice and response. We will need to agree on a schedule for reimbursement if we proceed.

---

[1]  The one subpoena that the Court did enforce against Cequel was in a different case and involved only one IP address. *Pacific Century*, 2012 WL 1072312, at *14 (granting motion to compel in Case 12 C 1057).

[2]  *United States v. Columbia Broadcasting Sys. Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied*, 457 U.S. 1118.

[3]  *See Linder v. Adolfo Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation*, 1994 WL 750664 at *6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez*, 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 1996 U.S. Dist. LEXIS 2264, * 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.*, 1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory*, 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

Paul Duffy
April 26, 2012
Page 3

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law. Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c). That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent. Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions. 47 U.S.C. § 551(c)(2)(C).

The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[4] Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in the Subpoena in question for 90 days.*

Comcast also objects to your subpoena on the ground that the rules for joinder of the Doe Defendants may not be appropriate in the underlying action in light of the many recent cases that have expressly prohibited discovery and quashed subpoenas similar to yours.[5] Certainly, you

---

[4]  Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech,* 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

[5] *See, e.g., Hard Drive Prods. v. Does,* 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer Inc. v. Does 2-52,* Case No. 11-2834 (N.D. Cal.), Docket 12 (finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); Diabolic *Video Prods.,* 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20"); *Pacific Century International,* 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the

Paul Duffy
April 26, 2012
Page 4

must be aware of the *Hard Drive, Boy Racer, Pacific Century, Millennium* and *McGip* cases in the Northern District of California, given that your firm (or the firm that merged with your firm) represented the plaintiff in each of these cases. As you know, these cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473, at *7 (N.D. Cal. Aug. 23, 2011).

Additionally, like the court found in the *Hard Drive* action, because the exhibit attached to the Complaint reflects that the activity of the different IP addresses occurred on different days and times over a ***nearly four month period***,[6] your argument that the Doe Defendants acted in concert is unpersuasive. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14. Accordingly, the Court would likely agree with the ruling in the *Hard Drive* case that joinder would be inconsistent with Rule 20(a)(2), cause prejudice and unfairness, and would not be in the interest of justice. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

Moreover, Comcast is puzzled why you issued the Subpoena out of the Northern District of Illinois, when none of the IP addresses listed in the subpoena are for individuals within the jurisdiction of the Northern District of Illinois.[7] Indeed, all of the IP addresses listed are for subscribers located in Florida. Given that the underlying action is pending in the Southern District of Florida, it is odd that you did not issue the Subpoena out of that jurisdiction. Indeed, as you know, you or your firm have issued at least three other Subpoenas on Comcast out of the Northern District of Illinois for actions not even pending in that jurisdiction. One can only surmise that this is just one of your latest tactics designed to forum shop and attempt to confuse Comcast and its subscribers. Comcast intends to raise this (among others) issue in response to any motion to compel that you may file with respect to the Subpoena.

If and when you obtain an order that complies with the Communications Act and the law with respect to joinder, jurisdiction and venue, and serve a valid subpoena, or Judge Holderman changes his prior ruling in a significant way, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses.

---

same way") (internal quotes and cite omitted); *Millennium TGA*, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement.")); *Hard Drive Prods. v. Does* U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe*, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

[6] In the *Hard Drive* case, it was a two-week period. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

[7] We accessed http://ip-address-lookup-v4.com/ to make that determination.

Paul Duffy
April 26, 2012
Page 5

If you would like to discuss this, please let me know.

Very truly yours,

John D. Seiver

cc:    Comcast Communications



Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

April 24, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

> Re: *Pacific Century International Ltd, Pltf. v. Does 1-37,*
> *Case No. 4:11-CV-4430 (S.D. Tex.)*
> *Subpoena to Comcast (N.D. Ill.)*

Dear Mr. Duffy:

As you know I am counsel to Comcast. This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on January 19, 2012, in the above-referenced action that is pending in the U.S. District Court for the Southern District of Texas, captioned with the U.S. District Court for the Northern District of Illinois. Your Subpoena requests that, by April 9, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscriber using a certain Comcast -registered IP address listed in the subpoena. The Federal Rules allow for non-parties such as Comcast to object within 14 days of service of a subpoena. Fed. R. Civ. P. 45(c)(2)(B). Although more than 14 days have passed since service of the Subpoena, due to an oversight only the subpoena in this matter served on Cequel (captioned with the U.S. District Court for the Northern District of Illinois and the same underlying proceeding and docket number from S.D. Tex.) was objected to by way of a letter to you dated February 3, 2012 (copy attached). I apologize for any inconvenience, but the issues with respect to both subpoenas are identical and because you filed motions to compel against Comcast in a number of related cases and Cequel in this specific case, the court's resolution of your motion is controlling.

Indeed, as you know, five cases were consolidated and the Court issued a ruling denying your motions against Comcast and Cequel. *Pacific Century International v. John Does 1-37,*

Paul Duffy
April 24, 2012
Page 2

2012 WL 1072312 (N.D. Ill. March 30, 2012).[1]  In that consolidated proceeding, based on identical circumstances and allegations with respect to Cequel, Chief Judge Holderman denied your motions to compel discovery of non-party IP addresses because, among other things, your conspiracy charges lacked evidence of an agreement among the purported co-conspirators and personal jurisdiction was lacking over most of the subscribers associated with the IP addresses. Pursuant to the court's conclusive ruling in *Pacific Century*, we deem your Subpoena in this matter subject to that order and thus moot.  If you did file a motion to compel, we would ask the case to be transferred to Chief Judge Holderman, who indicated he would accept such transfers after any motion is filed.  *Pacific Century*, 2012 WL 1072312, at *7.  I fully expect Judge Holderman would reach the same conclusion and quash the Subpoena to Comcast here.  For all intents and purposes the issues in the case were identical for both Comcast and Cequel. However, in light of your recent motion to alter or amend the court's judgment in the consolidated *Pacific Century* proceeding, we find it prudent to assert that the objections outlined in the attached letter apply equally to your Subpoena here.

My understanding is that an issue came up when one of your paralegals contacted Comcast about the Subpoena and while Comcast thought an objection had been lodged on its behalf, only one for Cequel had been.  I trust you understand that was an oversight and that, accordingly, you will treat the subpoena to Comcast in the same way the subpoena to Cequel was resolved.

I further trust you will find our proposed treatment of the Subpoena here agreeable.  If it is not, please let me know promptly so that I may timely defend any motion to compel or perhaps file a motion to quash that will be presented to Judge Holderman.

Thank you for your consideration.

Very truly yours,

John D. Seiver

cc:    Comcast

---

[1] The one subpoena that the Court did enforce against Cequel was in a different case and involved only one IP address. *Pacific Century*, 2012 WL 1072312, at *14 (granting motion to compel in Case 12 C 1057).