1

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT

ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION, )
                              )
    Plaintiff,                )
                              )
    vs.                       )   No. 11-L-683
                              )
JOHN DOE,                     )
                              )
    Defendant.                )

REPORT OF PROCEEDINGS

Before the HONORABLE ROBERT P. LECHIEN, Circuit Judge

June 4, 2012

APPEARANCES:

    MR. KEVIN T. HOERNER, Attorney at Law
        On Behalf of the Plaintiff; and,

    MR. JOHN D. SEIVER & MR. ANDREW G. TOENNIES
    Attorneys at Law
        On Behalf of the Defendant Comcast (A Non-Party).

MARY JO JALINSKY, CSR
Official Court Reporter
C.S.R. License No. 084-003202

1    So I think based upon the repeated representations that
2    Comcast stands ready and willing to comply with your court
3    orders, for the multiple times we've heard that during the
4    various hearings we've had since April 12th, but most
5    importantly, because they admit to you that they have the
6    information, I think that they should be required to comply
7    with your April 12th order, and that this motion for
8    clarification, which it is not, should be properly denied.
9         Thank you.
10            THE COURT:  Would you like to finish it off?
11            MR. SEIVER:  Just briefly, Your Honor.  Thank you.
12   It is true that the motion is titled for clarification and it
13   had to do with the timing of production, but we also asked
14   separately for the application of the subscriber protections
15   outlined in the court's sua sponte order.  So we recognize
16   there was two aspects to the motion, Your Honor.  I understand
17   Mr. Horner has said -- which has been repeated in this case --
18   is that the ISP does not have standing to seek protection of
19   subscriber privacy.  I disagree with that, and we have briefed
20   that under the Cable Act, that we have an obligation to
21   protect subscriber privacy, and that's what's driven us, you
22   know, through this particular stage of litigation.
23        As far as what --
24            THE COURT:  Okay, stop right there.  What is it --

15

1   why do you think that you are given standing to assert the
2   privacy issues regarding the subscribers and the method that
3   given the subpoena and its purpose and its authority, what
4   does -- how far does this protection of privacy take me down
5   the road of examining your protestations regarding the merits
6   of the case?  Because that's the -- seems to me to be the only
7   reason that you're saying -- that you're talking about
8   privacy, because privacy would have to be from something that
9   an average person wouldn't want to be disclosed, a reasonable
10  man sort of standard.  Yet, that has been ordered.
11       What I don't understand is where and why your industry,
12  and Comcast, in particular, has taken the position that it is
13  not a waste of time and a sanctionable conduct on the ISP's
14  part for asserting these repetitively and past the point of
15  giving the court any new information.
16       I am going to deny your motion.  I am going to require
17  you to do what was agreed to after the motion to quash was
18  denied.  I am going to take a look at and provide all of the
19  protections that are appropriate to the Comcast subscribers
20  who have responded and will respond over the course of the
21  next few weeks.
22       I note that I saw a deadline for filing of a motion to
23  quash by attorneys, by sua sponte -- I mean, by pro se
24  litigants.  And I'm not sure if that's the Comcast letter or